```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


CLARENCE L. CERF,               §
TDCJ-CID #1145508,              §
                                §
          Petitioner,            §
                                §
v.                              §     CIVIL ACTION NO. H-05-1901
                                §
DOUGLAS DRETKE,                 §
                                §
          Respondent.            §
```

## MEMORANDUM OPINION AND ORDER

Clarence Cerf, a Texas prison inmate, filed a petition for a writ of habeas corpus challenging a state court conviction for aggravated robbery. The respondent filed a Motion for Summary Judgment (Docket Entry No. 20), but Cerf filed no response although he filed more than fifty motions, most of which were repetitive or baseless. After denying most of the motions, the court ordered Cerf to file a response and to not file any motions without obtaining prior leave from the court. (Docket Entry No. 84) Cerf has ignored the court's Order and has filed more motions but no response. Therefore, the court has reviewed the Motion for Summary Judgment and the supporting records and has determined that the motion should be granted and that this action should be dismissed.

## I.  Procedural History

Cerf was charged with aggravated robbery, enhanced by a prior felony conviction, in Harris County, Texas.  Pursuant to a plea agreement, Cerf pleaded guilty to the charge, and the trial court sentenced him to thirty-five years' imprisonment.  State v. Cerf, No. 91600 (337th Dist. Ct., Harris County, Tex., Dec. 12, 2002). Cerf filed an appeal, which was dismissed by the Court of Appeals for the Thirteenth Judicial District of Texas.  Cerf v. State, No. 13-03-061-CR, 2004 WL 2335121 (Tex. App. -- Corpus Christi May 20, 2004).  Cerf did not file a petition for discretionary review.

On December 7, 2004, Cerf filed an application for state writ of habeas corpus challenging the conviction.  The trial court recommended that relief be denied and forwarded its findings to the Texas Court of Criminal Appeals.  The Court of Criminal Appeals denied the application on the trial court's findings without a written order.  Ex parte Cerf, No. 61,831-02 (Tex. Crim. App. May 4, 2005).  The pending federal habeas action was subsequently filed.

## II.  Grounds for Relief

Cerf generally argues that he was denied effective assistance of counsel at trial. He sets forth the following claims in support of this argument:

   1.   Because Cerf's attorney had a conflict of interest, he failed to investigate the plea bargain with the

-2-

      prosecution and withheld mitigating facts and circumstances that would have supported a case for leniency.

2. Cerf's attorney failed to conduct an independent investigation regarding Cerf's alleged involuntary intoxication, which may have supported a temporary insanity argument.

3. Cerf's attorney failed to consider viable defensive theories that were available to him.

4. Cerf's guilty plea was not voluntary because he was denied effective assistance of counsel.

### III.  The Applicable Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under the law, Bell v. Cone, 122 S.Ct. 1843, 1849 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. Robertson v. Cain, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  Williams v. Taylor, 120 S.Ct. 1495, 1519 (2000), citing 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts

the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent.  Early v. Packer, 123 S.Ct. 362, 365 (2002).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  Williams, 120 S.Ct. at 1520, 1523.  In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable.  Id. at 1521.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1041 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); see also Miller-El, 123 S.Ct. at 1036.

These standards will be applied to the pending summary judgment motion.

### IV. Analysis

The substance of Cerf's habeas petition concerns the validity of his guilty plea. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000), citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995). A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). An exception to this rule is when the attorney's ineffectiveness renders the plea involuntary. Id.

Although Cerf contends that his trial attorney was ineffective, the trial record refutes this assertion. Cerf signed statements in court indicating that he was fully informed of the following:

1.  the charges against him,
2.  the range of punishment available against him,
3.  his rights in the criminal process, and
4.  the terms and consequences of his guilty plea.

See Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession; Written Plea Admonishments, Cerf v. State, No. 13-03-061-CR, Appellate Record at 46-50.

The state court records of Cerf's statements and waivers are entitled to a presumption of correctness under the provisions of 28 U.S.C. § 2254.  Blackledge v. Allison, 97 S.Ct. 1621, 1629 (1977).  Carter v. Collins, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).  Accordingly, the record establishes that Cerf understood the nature of the charges against him and the consequences of his plea and yet voluntarily chose to plead guilty pursuant to his agreement with the state.

Cerf contends that his attorney had a conflict of interest because he failed to explore a plea bargain with the prosecution and withheld mitigating factors.  Cerf does not present any evidence to support this claim although the burden is on him to do so.  See Blackledge, at 1629.  Cerf's conflict-of-interest claim is subject to dismissal because it is entirely conclusory.  Id.  See also Ross v. Estelle, 69 F.2d 1088, 1011-12 (5th Cir. 1983) ("A court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Cerf contends that his attorney failed to consider and investigate possible defenses.  Cerf specifically alleges that he was temporarily insane due to intoxication and that his attorney should have raised this issue as a defense.  These issues were raised in Cerf's state habeas application.  Ex parte Cerf, at 7.  In compliance with the state district court's order (Id. at 35-

-6-

36.), Cerf's attorney, Danny K. Easterling, filed an affidavit responding to Cerf's claims. Id. at 61-62. Easterling stated that he thoroughly investigated Cerf's claim that he was intoxicated on marijuana and PCP at the time the offense occurred. Id. at 61. Easterling also stated that he discussed the matter with Cerf, although it was Easterling's opinion that Cerf's voluntary intoxication would have had little effect on a jury with regard to mitigation of punishment. Id. Easterling sought the opinion of two psychiatrists, and both concluded that Cerf was competent when he committed the offenses. Id. at 62. After reviewing the statement, the state district court found that Easterling's representation had been sufficient, and that Cerf was not entitled to relief. Such findings are presumed correct in federal habeas proceedings. Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001); see also Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004) ("As a federal habeas court, we are bound by the state habeas court's factual findings, both implicit and explicit."). Consequently, the court will dismiss Cerf's unsupported claims that his attorney failed to investigate or develop possible defenses. See Ross supra.

There is no evidence that indicates that Easterling failed to investigate the charges against Cerf, the facts behind the charges, or any viable defenses to the charges. Moreover, the record demonstrates that Cerf knowingly and voluntarily entered into the plea bargain agreement and that he was aware of its terms and

conditions. Blackledge, 97 S.Ct. 1629. Accordingly, Cerf is bound by the statements he made in state district court, and the guilty plea will be upheld. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000).

The court has determined that there is sufficient record to conclude that Cerf's constitutional rights were not violated during the state criminal proceedings in question. The state court's rejection of Cerf's claims was not contrary to, or an unreasonable application of, federal law. See 28 U.S.C. § 2254(d)(1). Therefore, the Motion for Summary Judgment shall be granted, and Cerf's petition for a writ of habeas corpus shall be dismissed because the claims have no merit.

## V.  Cerf's Motions

Cerf has filed numerous motions without obtaining the court's leave to do so. In many of these motions, (Docket Entry Nos. 88, 89, 93, 94, 96, and 99) Cerf seeks leave to appeal although his petition is still pending in this court. Such motions shall be denied as having no basis in law because the appellate court generally would not have jurisdiction over a matter that is still pending in the district court. See Abney v. United States, 97 U.S. 2034 (1977).

Cerf has filed numerous motions (Docket Entry Nos. 83, 87, 107, and 109) seeking discovery of records pertaining to his claim that he was temporarily insane. He has also filed a motion (Docket

Entry No. 91) in which he requests a hearing by the court.  This is a habeas proceeding in which the respondent has provided the relevant records; Cerf does not have a right to conduct a fishing expedition in search of evidence to support illusory claims. Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997).  Moreover, an evidentiary hearing is not required in a writ of habeas corpus proceeding where there have been findings made in the state courts. See Baldree v. Johnson, 99 F.3d 659, 661 (5th Cir. 1996).  The motions will be denied.

Cerf has filed motions (Docket Entry Nos. 97, 100, 101, 102, 103, 105, and 108) in which he complains that he has been subject to abuse by prison officials and has been denied property and materials necessary to file a response.  He also requests that he be allowed to submit affidavits and other evidence in support of his claims.  Cerf's numerous motions undermine his allegation that he does not have sufficient resources to respond.  Moreover, he cannot submit new evidence to this court that was not available to the state courts.  See Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996).  The motions will be denied.

### VI.  Certificate of Appealability

Under 28 U.S.C. § 2253, Cerf needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a Certificate of Appealability Cerf must make a substantial showing of the denial of a constitutional right.  Williams v. Puckett, 283 F.3d 272, 276

(5th Cir. 2002). To make such a showing Cerf must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Cerf has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court **DENIES** the issuance of a Certificate of Appealability in this action.

### VII. Conclusion and Order

The court **ORDERS** the following:

1. Cerf's Motions (Docket Entry Nos. 83, 87, 88, 89, 91, 93, 94, 96, 97, 99, 100, 101, 102, 103, 105, 107, 108, and 109) are **DENIED** because they are baseless and because they were filed in contravention of court orders.

2. Respondent's Motion for Summary Judgment (Docket Entry No. 20) is **GRANTED**.

3. Cerf's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE